PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. July 18, 1912.)

No. 238.

STREET RAILROADS (§ 55*)—FORECLOSURE SALE—LIABILITY OF PURCHASER UNDER DECREE—TORT CLAIMS AGAINST RECEIVERS.

The measure of the rights of a purchaser of property sold at foreclosure sale is the decree under which the sale was made; and where the decree directing the sale of street railroad property, which had been operated by receivers, provided that as a part of the consideration for the property, and in addition to the price bid, the purchaser should "assume liability for all claims in tort, whether in suit or presented or not, arising during the period of operation of said railway system by receivers, * * * which shall not have been paid or discharged by said receivers at the time of said sale," the purchaser is absolutely bound to the payment of such claims, without recourse on the receivers.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 134; Dec. Dig. § 55.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Pennsylvania Steel Company and another against the New York City Railway Company and the Metropolitan Street Railway Company. From an order denying its application for an order on receivers of the Metropolitan Street Railway Company, the New York Railways Company appeals. Affirmed.

For opinion below, see 194 Fed. 546. See, also, 198 Fed. 783.

Richard R. Rogers (Albert J. Kenyon, of counsel), for appellant.

Masten & Nichols (Arthur H. Masten, Ellis W. Leavenworth, and Frederick W. Kobbe, of counsel), for Joline and another, receivers.

Dexter, Osborn & Fleming (Mathew C. Fleming, of counsel), for Ladd, receiver.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. December 29, 1911, the property of the Metropolitan Street Railway Company was sold in foreclosure proceedings in the Circuit Court under the company's general and collateral trust mortgage and refunding mortgage, and possession delivered on the 31st. On the latter day there were pending 889 actions against the receivers arising out of injuries sustained during their operation of the road, and other actions are likely to be brought thereafter until the three-year statute of limitations has run, with the extensions in favor of persons under disability, such as infancy, insanity, or imprisonment for crime. New York Code of Civil Procedure, §§ 393 and 396. The New York Railways Company, which is the assignee of the purchaser at the sale, filed its petition praying the court to require the receivers to set aside out of the moneys in their hands a fund of $500,000 for settling and discharging such tort claims. The theory is that these personal injuries are operating

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expenses incurred by the receivers, which ought in the first instance to be paid by them; the purchaser being liable for any deficit.

There is obvious equity in this proposition, and if any one had been present when the decree was settled to represent the purchaser, whoever it might be, the court would no doubt have given it serious consideration. But the measure of the purchaser's rights is the decree actually entered (Central Trust Co. v. Wabash Railway Co. [C. C.] 30 Fed. 332, 336), and we agree with the court below that it is conclusive against the petitioner. The decree originally entered in the Circuit Court provided in article X as follows:

"That it shall be a condition of sale of the lines of railway, leasehold estates, and parcels of land separately enumerated and directed to be sold by article IV of this decree that the purchaser shall, as a part of the consideration for such sale and in addition to the price bid, assume all pending contracts in respect to the property of the Metropolitan Street Railway Company, whether leasehold or otherwise, theretofore made by the receivers of the New York City Railway Company or the receivers of the Metropolitan Street Railway Company, and that the said purchaser or purchasers, its, his, or their successors and assigns shall perform all such contracts and shall pay, satisfy, and discharge any unpaid indebtedness and obligations or liability, whether in contract or in tort, which shall have been duly contracted or incurred by the receivers, * * * before the delivery of possession of the property sold, and which shall not have been paid by the said receivers, or which shall not be paid out of the proceeds of sale as hereinbefore provided, and shall indemnify and save harmless said receivers and each of them from any liability resulting therefrom."

Upon appeal to this court the foregoing article became article IX, and was amended to read as follows:

"That it shall be a condition of sale of the lines of railway, leasehold estates, and parcels of land separately enumerated and directed to be sold by article IV of this decree that the purchaser shall, as a part of the consideration for such sale and in addition to the price bid, assume all pending uncompleted and not fully executed contracts in respect to the property of the Metropolitan Street Railway Company, whether leasehold or otherwise, theretofore made by the receivers of the New York City Railway Company or the receivers of the Metropolitan Street Railway Company for the operation, maintenance, and betterment of the railway system operated by the said receivers as a going concern, and shall also assume liability for all claims in tort, whether in suit or presented or not, arising during the period of operation of said railway system by receivers appointed by this court, which shall not have been paid or discharged by said receivers at the time of said sale. * * * No purchaser shall be held personally liable under this article of the decree for any unpaid indebtedness of the receivers, or for any work done or materials furnished under any unfinished contract, except such as shall have been done or furnished after the delivery of possession of the property sold to such purchaser and with his consent. * * * "

It will be noted that a very clear distinction was made by the amendment of the decree in this court between contract and tort claims. In the case of contracts it would be easy to ascertain the amount due by the receivers on the day of sale for work done or labor and materials supplied during the receivership. Therefore the purchaser's liability was to be only for what should be done or furnished with its consent thereafter. On the other hand, the liability for torts not yet determined, and the amount, if any, of such liability, could not be so ascertained. Therefore the purchaser was put

under the absolute obligation to pay such claims. The purpose of the court was evidently to prevent the delay in winding up the receivership that would otherwise occur.

The order is affirmed.